**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

In re KATRIANA JULIANNA WILTON,        Case No.  05-35222-DOT
        Debtor.                                                               Chapter 7

**MEMORANDUM OPINION AND ORDER**

Debtor filed her Chapter 7 petition on June 9, 2005. At filing, debtor's counsel filed an application for the waiver of the miscellaneous $ 39.00 administrative fee and $ 15.00 trustee surcharge assessed by the clerk's office respectively under 28 U.S.C. § 1930(b) and 11 U.S.C. § 330(b)(2). Debtor asserts that she is indigent, lives below the poverty level and is unable to pay the modest fees.

Discussion.

Fed. R. Bankr. Proc. 1006(a) mandates:

> Every petition shall be accompanied by the filing fee except as provided in subsection (b) of this rule, "filing fee" means the filing fee prescribed by 28 U.S.C. § 1930(a)(1)-(a)(5) and any other fee prescribed by the Judicial Conference of the United States under 28 U.S.C. § 1930(b) that is payable to the clerk upon commencement of a case under the Code.

The Judicial Conference of the United States has prescribed the $39.00 administrative fee. 11 U.S.C. § 330(b)(2) imposes the $15.00 trustee surcharge as additional trustee compensation, and the clerk's office collects the surcharge at the commencement of the case. 28 U.S.C. § 1930(a)(1) provides that the $ 155.00 Chapter 7 filing fee may not be waived. See In re Fitzgerald, 192 B.R. 861, 862 (Bankr. E.D. Va. 1996); In re Burrell, 150 B.R. 369, 373 (Bankr. E.D. Va. 1992).

Recently, however, some courts have found that the miscellaneous administrative and trustee surcharge fees may be waived. See In re Ushery, 1999 WL 1579268 (Bankr. D. Del. 1999); In re Stansbury, 226 B.R. 360 (Bankr. E.D. Pa. 1998).

The court in Tripati v. United States Bankruptcy Court for the E.D. Tex. resolved the issue of indigent creditors and filing fees on constitutional equal protection and due process grounds. 180 B.R. 160 (E.D. Tex. 1995). Tripati held that it was a violation of due process and equal protection to "deny an indigent person the right to defend in bankruptcy his interest as a creditor merely because he cannot afford to pay the fees . . .." 180 B.R. at 163. Participation in the bankruptcy case that the debtor voluntarily initiated was the only means by which Tripati could defend his claim. The court noted the distinction between a debtor voluntarily entering bankruptcy and a creditor who is forced to either participate in the bankruptcy proceeding or walk away from his claim. Id. at 162-63.

The Supreme Court has likewise distinguished the debtor voluntarily entering bankruptcy from a party who has no choice but to enter a prescribed proceeding, noting that "bankruptcy is not the only method available to a debtor for the adjustment of his legal relationship with his creditors." United States v. Kras, 409 U.S. 434, 445 (1973). Consequently, the unfortunate discriminating effect of filing fees to bar an indigent debtor from a discharge of her debts does not rise to a violation of the debtor's due process. Id. at 445-46. Kras also held that filing fees are not an equal protection violation because bankruptcy is not a fundamental right, and fee requirements do not touch on suspect criteria, only indigency. Id. at 446.

Until now, this court has reviewed on a case-by-case basis debtors' applications to waive these miscellaneous fees. See In re Raikes 05-34865 (unpublished order); In re Dabney, 05-

34865 (unpublished order); In re Jackson, 05-33954 (unpublished order). The court has conducted its reviews with an awareness that all debtors who file for bankruptcy protection face financial difficulties and many live below the poverty level. Consequently, the court had deemed it appropriate to waive the miscellaneous fees only in the most exceptional cases involving wholly destitute debtors. The court has assessed debtors' circumstances by reviewing their petitions and schedules and considering whether debtors plan to maintain possession of luxury items including big screen televisions under rental contracts, have equity in vacation property or automobiles, have liquid investments or retirement account balances, or if debtors schedule income that exceeds their monthly expenses or have unreasonable expenses.

In In re Burrell, 150 B.R. 369 (Bankr. E.D. Va. 1992), the debtor moved to proceed *in forma pauperis* with his appeal to the district court. This court found that debtor was earning at least $310.00 per month, and from debtor's income the court concluded that the debtor "is not impoverished and does indeed have the ability to pay the $105.00 filing fee for an appeal." In re Burrrell, 150 B.R. at 374. This court also observed, "Congress intended the system to be self-sustaining and to preclude courts from waiving filing fees for appeals, except in unusual circumstances" Id. at 374 (citing In re Frottier, 130 B.R. 614, 615-16 (Bankr. S.D. Fla. 1991)( "the Bankruptcy Court system was not designed for paupers")). Only in "unusual circumstances" that did not exist in Burrell would the court waive filing fees on appeals. Id.

Due to a recent surge in the number of applications for waiver of the miscellaneous fees and the difficult assessment the court completes for each application, the court must decide whether it will grant these waivers at all. The court must also consider the financial implications of waiving these fees.  For example, in a no asset case the trustee's only compensation is the

3

trustee surcharge. Also, the court relies on the administrative fee to fund operations.

The Bankruptcy Abuse Preventions and Consumer Protection Act of 2005 § 418(2), Pub. Law No. 109-8, provides:

> [T]he bankruptcy court *may* waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . .. [T]he term "filing fee" means the filing fee required by [28 U.S.C. § 1930(a)] or any fee prescribed by the Judicial Conference.

Emphasis added. The 2005 act provides that the court may waive the $155.00 filing fee and the $39 administrative fee. The act does not provide for the waiver of the $15.00 trustee surcharge fee. The act does not require that the court waive the filing fees in some circumstances, rather, the act states "*may* waive." Emphasis added.

The court is not inclined to waive these three filing fees in any circumstances prior to October 17, 2005, the effective date of the 2005 act. Thereafter, the court does not presently foresee any circumstances in which it will waive these filing fees outside of "unusual circumstances." Debtor schedules $ 743.16 of "Total Net Monthly Take Home Pay" and "Total Monthly Income." Debtor lists as monthly expenses $ 30.00 for cable television, $60.00 for recreation and $20.00 for charitable contributions. If debtor can afford $110.00 each month for non necessities, debtor is not an "unusual circumstance" who warrants a waiver of miscellaneous fees that total $54.00. Accordingly,

**IT IS ORDERED** that debtor's application for waiver of fees is **DENIED**.

Signed:_____

  /s/ Douglas O. Tice Jr.
DOUGLAS O. TICE, JR.
CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Copies to:

Mr. Lawrence M. Cohn, Esq.
Central Virginia Legal Aid Society, Inc.
101 W. Broad St., Ste. 101
P.O. Box 12206
Richmond, VA 23241

Ms. Katrina Julianna Wilton
12 S. 17th St.
# 606
Richmond, VA 23219

Mr. Roy M. Terry, Jr., Esq.
DurretteBradshaw, P.L.C.
P.O. Box 2188
Richmond, VA 23218-2188